## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

KIRK BAXTER,

      Movant,

v.                             **Case No. 2:16-cv-5663**
                                 **Case No. 2:99-cr-00215-1**

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 43). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### RELEVANT PROCEDURAL HISTORY

On November 3, 1999, Movant, Kirk Baxter (hereinafter "Defendant"), was indicted on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 10). On January 3, 2000, Defendant pled guilty, pursuant to a written plea agreement, to the count in the indictment. (ECF Nos. 19-21).

On June 12, 2000, Defendant was sentenced to a 360-month term of imprisonment, followed by a five-year term of supervised release, and was ordered to pay a $5,000 fine and a $100 special assessment. A Judgment to that effect was entered on June 14, 2000. (ECF No. 28).

Defendant's sentencing guideline calculation included an enhancement under USSG § 4B1.1 for being a career offender, because he had two prior felony convictions that qualified either as a controlled substance offense or a crime of violence, as defined in USSG § 4B1.2.[1]  However, the district court found that Defendant's total offense level under USSG § 2D1.1 was higher than it would have been under the career offender provision and, thus, applied the applicable level under § 2D1.1.  Additionally, the career offender enhancement increased Defendant's criminal history category to a VI, rather than a V.  (ECF No. 43 at 1-2).  Defendant did not appeal his sentence to the United States Court of Appeals for the Fourth Circuit.

On June 23, 2016, Defendant, by court-appointed counsel, filed the instant section 2255 motion (ECF No. 43), asserting that Defendant is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[2]  Although Defendant was not sentenced under the ACCA, the career offender guideline has a similar residual clause.

---

[1]  Specifically, Defendant had a prior conviction in New York for burglary in the second degree and a prior controlled substance offense.  (ECF No. 43 at 1).

[2]  The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year . . . that

      (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

      (ii)     is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added).  Subsection (i) is known as the "elements" or "force" clause.  The first part of subsection (ii) is known as the "enumerated offense" clause.  The emphasized portion of subsection (ii) is known as the "residual" clause.

Thus, Defendant asserts that the rationale in *Johnson* should extend to the residual clause of the career offender guideline.

On November 3, 2016, the United States of America filed a Response to Defendant's section 2255 motion, asserting numerous grounds for dismissal or denial thereof. (ECF No. 53). Defendant, by counsel, filed a Reply (ECF No. 54) and a Supplemental Memorandum (ECF No. 55), which will be discussed as necessary *infra*. However, as explained below, Defendant's request for relief under section 2255 is barred by subsequent rulings by the Supreme Court and the Fourth Circuit.

## **ANALYSIS**

The court can quickly dispose of Defendant's claim that he is entitled to relief under the Supreme Court's decision in *Johnson*. Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Defendant's Supplemental Memorandum argues that the Supreme Court's decision in *Beckles* addressed a vagueness challenge only with respect to the advisory Guidelines, and that such ruling is inapposite to defendants who were sentenced under a mandatory Guideline scheme (*i.e.,* before *United States v. Booker*, 543 U.S. 220 (2005)). Thus, Defendant asserts that defendants sentenced under those circumstances should still be able to pursue relief concerning a Guideline enhancement under *Johnson*.

However, on August 21, 2017, the Fourth Circuit issued a decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017), holding that *Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive collateral review of a Guideline sentence thereunder. Therefore, *Johnson* is inapplicable to Defendant's case and affords him no relief, regardless of whether he was sentenced under an advisory or mandatory Guideline scheme. Additionally, because *Johnson* is inapplicable to Defendant's claim, his section 2255 motion is otherwise untimely, as it was filed well more than one year after his Judgment became final. *See* 28 U.S.C. § 2255(f)(1).

## **RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 43) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 17, 2018

Dwane L. Tinsley
United States Magistrate Judge

5