# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

KIRK BAXTER,

    Movant,

v.                                                                                     Civil No. 2:16-CV-05663
                                                                                     Criminal No. 2:99-CR-00215

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Movant Kirk Baxter filed the Motion to Correct Sentence under 28 U.S.C. § 2255 on June 23, 2016. *Mot. to Correct*, ECF No. 43. By Standing Order, the motion was referred to Magistrate Judge Dwane L. Tinsley for Proposed Findings and Recommendations ("PF&R"). ECF No. 44. Magistrate Judge Tinsley issued his PF&R on September 17, 2018, recommending that Movant's motion be denied as untimely and that this action be dismissed. *PF&R*, p. 4, ECF No. 59. Movant timely objected to the PF&R on September 18, 2018. *Objs. to PF&R*, ECF No. 60. This Court must "make a de novo determination of those portions of the . . . proposed findings or recommendations to which objection is made." 28 U. S. C. § 636(b)(1)(C). The Court is not required to review the factual or legal conclusions to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Movant states his motion is timely, despite being sentenced in 2000, because it was filed within one year of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Mot. to Correct*, at 2. Movant argues *Johnson* applies to his case because, similar to the Armed Career Criminal Act ("ACCA"), the career offender guideline under which

he was sentenced is has a similar "residual clause."[1] *Id.* Movant asserts the Court should find the career offender guideline unconstitutionally vague. *Id.* at 3.

However, as Magistrate Judge Tinsley stated and Movant acknowledged, the Fourth Circuit has explicitly held otherwise. *Objs. to PF&R*, at 1. In *United States v. Brown*, the court held that *Johnson* did not start a new one-year period for a defendant to file a § 2255 motion to vacate when challenging residual clauses similar to the one in the ACCA. 868 F.3d 297 (4th Cir. 2017). Thus, *Johnson* is inapplicable to Movant's case and his motion is untimely.

For these reasons, the Court **DENIES** Movant's Objections (ECF No. 60), **ADOPTS** Magistrate Judge Tinsley's PF&R (ECF No. 59), **DENIES** the Motion to Correct Sentence under 28 U.S.C. § 2255 as untimely (ECF No. 43), and **DISMISSES** the case from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Tinsley, all counsel of record, and any unrepresented parties.

ENTER: April 5, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] In *Johnson*, the United States Supreme Court explained that:

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "*involves conduct that presents a serious potential risk of physical injury to another.*"

135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). The italicized section of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held this language is "unconstitutionally vague" and "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2557 & 2563. Thereafter, in *Welch v. United States,* 136 S. Ct. 1257 (2016), the Supreme Court declared that its decision in *Johnson* announced a new substantive rule that should be applied retroactively to cases on collateral review. 136 S. Ct. at 1268